## MURPHY v. PEOPLE.

*Criminal evidence — circumstantial evidence — test of sufficiency of. Evidence — objection to improper, must be specific — parol evidence of contents of writing.*

In criminal trials, where circumstantial evidence is relied on to convict, the rule is not that the people must prove the case to the exclusion of every possibility that another person, and not the prisoner, may have committed the crime; but the legal test of the sufficiency of the evidence is its adequacy to satisfy the understanding and conscience of a jury, and to exclude from their minds all reasonable doubt as to the guilt of the accused.

An objection to parol evidence offered to prove the contents of a written instrument not put upon the ground that it was parol, *held*, unavailable. When the objection is not to proof of the fact itself, but to the mode of proving it, it must be distinctly placed upon that ground.

Exceptions to the rule that the contents of a writing cannot be proved by parol, mentioned.

ERROR to the Rockland Oyer and Terminer to review the conviction of Michael Murphy for murder in the first degree.

The plaintiff in error was, jointly with his brother, indicted for the murder of Matilda Hujus, who was, on the 19th of April, 1874, in the evening, while engaged in social conversation in her own house, shot and instantly killed by some person standing outside of such house. The prisoners elected to be tried separately, and the plaintiff in error was convicted upon circumstantial evidence.

At the time the deceased was shot, one Gamble was talking with her in the room and was severely wounded by one of the shots fired. He was a witness at the trial on behalf of the people, and testified that he was defendant in several suits brought by the Murphys, and that the deceased had accompanied him to attend the trial of such suits several times. He was then asked what those suits were for, to which question the prisoner's counsel objected, but stated no ground of objection. The question was allowed, and an exception taken by the prisoner. The witness stated that the suits were brought to set aside deeds from the witness' deceased wife, who was sister to the Murphys, to him. The admission of this answer was assigned as error. Other objections and exceptions were made to the admission of evidence, but none of material importance.

*Henry Daily, Jr.*, for plaintiff in error. Parol evidence of the contents of the complaints in the suits was improperly received. 1 Greenl. on Ev., § 88; *Posson* v. *Brown*, 11 Johns. 166; *Grimm* v. *Hamel*, 2 Hilton, 434; *Berrian* v. *Sanford*, 4 N. Y. Sup. 655.

*Seth B. Cole*, for the people.

Present — TAPPEN, GILBERT and PRATT, JJ.

GILBERT, J. We are not called upon to examine the evidence to see whether it was sufficient to warrant the conviction of the prisoner. Upon that question the verdict of the jury is conclusive. Our duty is confined to the errors assigned in the bill of exceptions. Those relate exclusively to the admissibility of certain parts of the testimony.

No exception was, or well could have been taken to the charge of the judge. It is indeed said that it was his duty, without any

request to do so, to instruct the jury that " one of the legal principles governing cases of this kind, where circumstantial evidence is relied on to convict, is that the people must prove the case to the exclusion of every possibility that another person and not the accused may have committed the crime." No exception can be raised upon this point, for the attention of the judge was not in any way called to the rule contended for. It is wholly an after-thought. Nor is there any such rule. On the contrary, the legal test of the sufficiency of every species of evidence to authorize a conviction, is its adequacy to satisfy the understanding and conscience of a jury, and to exclude from their minds all reasonable doubt of the guilt of the accused. 1 Starkie's Ev.'577; 1 Greenl. Ev., § 13. Such is the rule of the common law, and it has always prevailed in this State.

It is insisted that the court below erred in admitting parol evidence to prove what certain lawsuits of the prisoner and his brother against one Gamble, were for. Gamble was called as a witness for the prosecution, and testified, without objection, that he was one of the defendants in those suits; that there were three suits; that they had been standing since 1868 ; that he had been several times to attend the trial of them ; that he was accompanied by Mrs. Hujus (the deceased), he did not know how many times, but that she always went when the trial was coming off. The witness was then asked if he knew what the suits were for, and answered, without objection, that he did. He was then requested to tell the. jury what they were for. To this the prisoner's counsel objected, but stated no ground of objection. The evidence was admitted, and an exception was taken to the ruling of the court, by the prisoner's counsel.

We think the exception is unavailing, because the objection was not put upon the ground that the fact could not be proved by parol. If it had been, it might have been obviated or the testimony withheld by counsel or excluded by the court. For this reason it is an ancient and sound rule that when the objection is to the mode of proving a fact, and not to proof of the fact itself, it must be distinctly placed upon that ground. The rule is essential to insure fairness and to prevent artifice and deception in the trial of causes. It governs trials in criminal as well as civil cases, and, in our opinion, ought to be steadily upheld whenever a case of either class is brought up for review. Especially should the rule

be firmly adhered to in a case like this, when the objectionable evidence is not material to the issue, but is of a collateral fact of little importance.   The only conceivable object of the testimony was to prove that the prisoner had a motive to kill the deceased in order to prevent her from testifying against him.   In that point of view, we are unable to perceive upon what principle the nature of the suits would affect that motive.

Whether the object of the suits was to set aside deeds, or to recover money, or for either of numberless other causes of action, was not material.   The case at all events discloses nothing from which it can be inferred that the particular object of the suits strengthened the prosecution, or weakened the defense.   It does not even show that the deceased was possessed of any knowledge which might render it necessary or expedient for Gamble to call her as a witness.   The fact that she attended the court in his company did not show that she was to be a witness on the trial.   Having allowed the prosecution to prove, without objection, the pendency of the suits, the prisoner could not have been prejudiced by the evidence respecting the object of them.   The error, therefore, if any was committed, affords no ground for reversing the conviction.   *People* v. *Gonzalez,* 35 N. Y. 49, 59.

These conclusions render it unnecessary to decide whether the object of the suits could be proved except by the production of pleadings in them; still a brief discussion of the subject may be due to the occasion.   The general rule undoubtedly excludes all instruments which the law requires should be in writing, or which have been put in writing by the parties, and all other writings the existence of which is disputed, and which are material to the issue. Greenl. on Ev., § 85 ; Best on Ev. (5th ed.) 310.   But the rule is not universal.   For instance, births and marriages may be proved orally by those who witnessed them, notwithstanding the law requires a registry of them to be kept ; and where the written communication or agreement is collateral to the issue, it need not be produced.   The fact of payment may be proved orally, though a receipt be taken, and the examination and confession of a prisoner taken down in writing by the magistrate, but not signed and certified, is provable by oral testimony.

Many other instances of similar kind are given in the books. Greenl. on Ev., §§ 86–90 ; Best on Ev., *supra.*   Mr. Best states the rule to be that, " when a written instrument or document of any

description is not a fact in issue, and is merely used as evidence to prove some *act*, independent proof *aliunde* is receivable."

That rule does not, as it seems to us, conflict with the principle on which the exclusion of parol evidence of the contents of written instruments rests. If, however, we should be wrong in this, we think, for the reasons stated, that all objection to proving the fact orally was waived, and that it would be contrary to law to allow the exception.

We perceive no error in admitting evidence of the measurements made by the witness Pinkerton. Other witnesses had given the data on which they were made, and it was proper to put the result before the jury.

In whatever light the conduct of Pinkerton and Sharpe, in obtaining the confessions of the prisoner, may be regarded, we have discovered nothing in the circumstances attending, the giving of them, which tends to show that they were not voluntarily made, or which would have justified the exclusion of them. The jury had these circumstances before them, accompanied by the evidence of the prisoner respecting them, and it was their province exclusively to determine the weight to be given to confessions made under such circumstances.

We have now noticed all the exceptions worthy of remark. No error having been found, it is our plain and imperative duty to affirm the conviction. We have no dispensing power. That has been deposited with the executive department of the government. From the courts the community has a right to demand a vigilant and firm execution of the law; for their safety is in a great degree dependent upon it.

The conviction is affirmed.

*Conviction affirmed.*